UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

DENISE KOCAK,

    Plaintiff,

v.

PALM SHORES RETIREMENT
COMMUNITY, INC.,
a Florida Not For Profit Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DENISE KOCAK ("Ms. Kocak" or "Plaintiff"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq*. ("the FMLA"), seeking recovery from PALM SHORES RETIREMENT COMMUNITY, INC. ("PSRC" or "Defendant") for back pay, an equal amount as liquidated damages, other monetary damages, reinstatement, injunctive relief, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

## PARTIES, JURISDICTION, AND VENUE

1. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA, and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201, *et seq*.

2. At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Pinellas County, Florida.

3. Defendant is a Florida not for profit corporation that is located in Florida and does business in Pinellas County, Florida, and is therefore within the jurisdiction of this Court.

4. Plaintiff worked for Defendant in St. Petersburg, Pinellas County, Florida, and therefore venue is proper in this Court.

5. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce which employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

6. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) suffered from a serious health condition(s) as defined by the FMLA, necessitating Plaintiff to take FMLA leave; and (b) was employed by Defendant for at least 12 months and worked at least 1,250

hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## FACTUAL ALLEGATIONS

7. Plaintiff worked for Defendant, most recently as the Director of Defendant's Assisted Living Department, from May of 1997, until her unlawful and retaliatory termination on May 19, 2020.

8. Beginning in early 2016, PSRC assigned Ms. Kocak to an inhumanely demanding work schedule that required Ms. Kocak to work six (6) consecutive shifts, each at least ten (10) hours spanning up to sixteen (16) hours.

9. By January of 2020, due to the extreme stress of Ms. Kocak's work environment and the demanding schedule, Ms. Kocak began experiencing flare-ups of her serious health condition, asthma, and even suffered a period of illness due to a related severe chest infection, though only missing one (1) day of work.

10. By April of 2020, Ms. Kocak's condition had deteriorated significantly due to the ongoing stress, long hours, and abuse from PSRC's Executive Director, Jan Bigelow.

11. By this time, thanks to the stress, workload, and Ms. Bigelow's abuse and harassment, Ms. Kocak was also suffering from symptoms of two (2) other serious health conditions: stress-induced insomnia and anxiety.

12. On April 2, 2020, Ms. Kocak disclosed her serious health conditions to PSRC, specifically to Human Resources Director, Ms. Samantha Bruner, and requested from PSRC information about her options for medical leave in order to treat and address her serious health conditions.

13. Ms. Kocak was approved for unpaid leave under the FMLA, beginning on April 6, 2020, up until April 30, 2020.

14. Toward the end of April 2020, Ms. Kocak observed that she had not experienced sufficient improvement in her serious health conditions and was thus not yet able to return to the strenuous and stressful work environment at PSRC.

15. During a follow-up appointment, Ms. Kocak's physician confirmed that more time was needed, and recommended that Ms. Kocak's leave under the FMLA be extended for another two (2) weeks at minimum.

16. Ms. Kocak immediately notified PSRC about her approved extension of FMLA leave in order to further treat and address her serious health conditions.

17. Ms. Kocak's physician promptly faxed the FMLA certification and other requisite FMLA paperwork approving Ms. Kocak's extended leave directly to PSRC.

18. Despite Ms. Kocak's physician's office having received confirmation that the requisite FMLA certification and paperwork was successfully delivered to

PSRC, PSRC denied having received any of the requisite paperwork from Ms. Kocak or her physician's office.

19. Ms. Kocak dutifully continued her efforts to ensure that PSRC received the required FMLA certification and any other requisite paperwork.

20. Ms. Kocak also continued to keep PSRC informed of any necessary absences in addition to the status of her health conditions.

21. PSRC nevertheless continued to deny receipt of Ms. Kocak's FMLA certification and other FMLA requisite paperwork.

22. Overall, Ms. Kocak's physician's office faxed the requisite FMLA paperwork to PSRC on multiple occasions, even sending the documents through two (2) different facsimile numbers, without error.

23. PSRC's actions, specifically its nonsensical and insistent denial of receipt of Ms. Kocak's requisite FMLA paperwork, constituted purposeful obscuration of the process of submitting the requisite paperwork for an approved extension of FMLA leave, in interference with Ms. Kocak's FMLA rights.

24. In a letter dated May 19, 2020, PSRC informed Ms. Kocak that she had been terminated for alleged "job abandonment."

25. PSRC had no legitimate, non-discriminatory, non-retaliatory reason for taking this adverse employment action against Ms. Kocak.

26. Defendant's adverse employment actions were taken to interfere with, and in retaliation for, Ms. Kocak notifying PSRC of her serious health conditions, and in retaliation for Ms. Kocak utilizing unpaid leave pursuant to the FMLA in order to treat and address same.

27. PSRC's stated reason for Ms. Kocak's termination is a pretext, designed to cover up FMLA interference and retaliation.

28. Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

29. The timing of Ms. Kocak's use of what should have been protected FMLA leave, and Defendant's termination of her employment, alone demonstrates a causal and temporal connection between her protected activity and the illegal actions taken against her by Defendant.

30. Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for her utilization of what should have been protected FMLA leave.

31. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

32. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

33. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA

34. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-33, above.

35. At all times relevant hereto, Plaintiff was protected by the FMLA.

36. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

37. At all times relevant hereto, Defendant interfered with Plaintiff by falsely denying its repeated receipt of FMLA forms from Ms. Kocak and Ms. Kocak's physician, and by refusing to allow Plaintiff to exercise her FMLA rights freely.

38. As a result of Defendant's willful and unlawful acts via interfering with Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

39. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages,

equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

### COUNT II- UNLAWFUL RETALIATION UNDER THE FMLA

40. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-33, above.

41. At all times relevant hereto, Plaintiff was protected by the FMLA.

42. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

43. At all times relevant hereto, Defendant retaliated against Plaintiff by falsely denying its repeated receipt of FMLA forms from Ms. Kocak and her physician, and by terminating her employment for utilizing FMLA leave.

44. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised or attempted to exercise her rights to take approved leave pursuant to the FMLA.

45. As a result of Defendant's intentional, willful, and unlawful acts by retaliating against Plaintiff for exercising or attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

46. As a result of Defendant's willful violations of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 9th day of February, 2021.

> Respectfully Submitted,
>
> **/s/ *Noah E. Storch***
> Noah E. Storch, Esq.
> Florida Bar No. 0085476
> RICHARD CELLER LEGAL, P.A.
> 10368 W. SR. 84, Suite 103
> Davie, Florida 33324
> Telephone: (866) 344-9243
> Facsimile: (954) 337-2771
> E-mail: **noah@floridaovertimelawyer.com**
>
> *Attorneys for Plaintiff*